# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK SHAWN FEATHERS,

    Plaintiff,

    v.

HOUSTON, et al.,

    Defendants.

No. 2:20-CV-2208-JAM-DMC-P

ORDER

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) C/O Houston, a California Department of Corrections and Rehabilitation (CDCR) Correctional Officer assigned to Unit J-2 at the California Medical Facility (CMF); and (2) John Doe/Sgt 3rd Watch, the Correctional Officer at CMF presiding over Houston's unit at the time of the event alleged in the complaint; and (3) Daniel E. Cueva, the warden at CMF. See ECF No. 1, pgs. 1-2. According to Plaintiff, the event giving rise to the complaint occurred at CMF in Solono County, California. Id. Plaintiff presents one claim.

Plaintiff alleges that Defendant Houston denied Plaintiff the opportunity to shower with the knowledge that Plaintiff worked with chemicals. See id. at 3. Plaintiff claims he returned to his cell after work at the Mental Health Crisis bed facility at 1:25 p.m., and asked Houston for a shower at 1:45 p.m. because he had been working with chemicals. See id. Shortly after asking, Plaintiff claims his face became swollen and he contracted red hives on his arms, hand, and stomach as a result of chemical exposure. See id. at 4. Plaintiff requested a shower two more times and Houston denied him until the program resumed at 3:10 p.m. See id. at 3. Plaintiff alleges that Houston's actions deprived "Plaintiff a basic human need, which caused Plaintiff to suffer from Chemical Exposure," and "did not reasonably advance a legitimate correctional goal." Id. at 4-5. Plaintiff further alleges that John Doe and Daniel E. Cueva were Houston's superior officers during these events and should be "held liable under supervisors liability." Id. at 4.

Attached to the complaint are conflicting statements of Plaintiff and Defendant Houston, including first- and second-level response reports of the incident and eye-witness prisoner testimony. Considering conflicting evidence, the Court takes the facts as pleaded by

Plaintiff as true and resolves ambiguities in favor of Plaintiff.

## II. DISCUSSION

The Court recognizes a cognizable Eighth Amendment claim against Defendant Houston based on Plaintiff's allegations that Houston deprived Plaintiff of a shower with the knowledge that Plaintiff had been exposed to chemicals. However, Plaintiff fails to state any other cognizable claims, as explained below.

Plaintiff alleges Defendant John Doe is the sergeant that headed Houston's unit and Defendant Daniel E. Cueva is the prison's warden. Doe and Cueva are thus in supervisory positions. Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

Plaintiff has failed to show that Doe's and Cueva's actions caused Plaintiff's injury. To state a claim based on supervisor liability, Doe and Cueva must have either participated in the harmful conduct or ordered a specific act or omission by Houston during the alleged events. Plaintiff's allegations are vague and do not specify how Doe and Cueva participated in depriving Plaintiff of a shower. Though Plaintiff appears to concede that the only basis of liability against Doe and Cueva is their roles as supervisors, the Court will nonetheless grant Plaintiff an opportunity to amend with the foregoing in mind.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

///
///
///
///
///
///

4

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated: June 7, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE