1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   MARK SHAWN FEATHERS,                No.  2:20-CV-2208-DJC-DMC-P

12                  Plaintiff,

13         v.                           ORDER

14   HOUSTON,

15                  Defendant.

16

17         Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42

18   U.S.C. § 1983.  Pending before the Court is Plaintiff's motion to compel discovery responses,

19   ECF No. 35, and Defendant's opposition thereto, ECF No. 36.  Plaintiff did not file a reply.

20

21                            **I.  BACKGROUND**

22         This action proceeds on Plaintiff's first amended complaint against Defendant

23   Houston only.  See ECF Nos. 14 (first amended complaint) and 15 (service order).  Plaintiff

24   alleges that, during the relevant times, he was an inmate at the California Medical Facility (CMF)

25   and that Defendant Houston was employed as a Correctional Officer assigned to Unit J-2 at CMF.

26   See ECF No. 14, pg. 2.  According to Plaintiff, on December 27, 2019, he returned from his work

27   assignment and arrived at the dayroom at 1:25 p.m.  See id. at 3.  Plaintiff states that Defendant

28   Houston arrived at approximately 1:45 p.m. and went into the housing unit office.  See id.

1

1    Plaintiff states that he informed Defendant Houston that he needed a shower

2  because he had been working with chemicals and had to decontaminate.  See id.  Plaintiff states:

3  "His response was no!"  Id.  Plaintiff alleges that Defendant Houston then placed him in his dorm

4  and locked the door.  See id.  Plaintiff claims "[s]hortly thereafter my face started to swell and

5  become extremely inflaimed [sic], and my body became agitated and broke-out in red hives. . . ."

6  Id.  Plaintiff states that, when Houston came back down the tier, he informed Houston that he was

7  now experiencing chemical exposure symptoms and again asked for a shower.  See id.  Again,

8  Defendant Houston refused.  See id.

9

10              **II.  SUMMARY OF DISCOVERY IN DISPUTE**

11    Plaintiff's motion provides little guidance as he did not attach any of the disputed

12  discovery requests or responses.  Defendant, however, has done so.  Filed with Defendant's

13  opposition is the declaration of defense counsel Judith Gronna, Esq.  See ECF No. 36-1.

14  Plaintiff's requests for production of documents, set one, is attached at Exhibit A.  See id. at 3-8.

15  Defendant's response is attached at Exhibit B.  See id. at 9-14.  Also attached to counsel's

16  declaration at Exhibit C is the declaration of B. Ebert, a Litigation Coordinator at the California

17  Medical Facility, regarding Defendant's assertion of the official information privilege.  See id. at

18  15-22.  At issue are Plaintiff's requests for production of documents nos. 1 through 4.

19

20              **III.  DISCUSSION**

21    The purpose of discovery is to "remove surprise from trial preparation so the

22  parties can obtain evidence necessary to evaluate and resolve their dispute." United States v.

23  Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule

24  26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery

25  permitted:

26           Parties may obtain discovery regarding any nonprivileged information that
             is relevant to any party's claim or defense and proportional to the needs of
27           the case, considering the importance of the issues at stake in the action, the
             amount in controversy, the parties' relative access to relevant information,
28           the parties' resources, the importance of the discovery in resolving the

                                    2

1  issues, and whether the burden or expense of the proposed discovery
2  outweighs its likely benefit. Information within this scope of discovery
   need not be admissible in evidence to be discoverable.

3  Fed. R. Civ. P. 26(b)(1).

4  Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery

5  may move for an order compelling an answer, designation, production, or inspection." Fed. R.

6  Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or

7  incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad

8  discretion to manage discovery and to control the course of litigation under Federal Rule of Civil

9  Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v.

10 Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

11 Under Rule 37, the party moving to compel bears the burden of informing the

12 court (1) which discovery requests are the subject of the motion to compel, (2) which of the

13 responses are disputed, (3) why the party believes the response is deficient, (4) why any

14 objections are not justified, and (5) why the information sought through discovery is relevant to

15 the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist.

16 LEXIS 75435, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-

17 5646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27,

18 2008).  Rule 37 also requires the moving party to meet and confer with the opposing party.  See

19 Fed. R. Civ. P. 37(a)(1).

20 "Relevance for purposes of discovery is defined very broadly." Garneau v. City of

21 Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden

22 of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter,

23 the party opposing discovery has the burden of showing that the discovery should be prohibited,

24 and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No.

25 07cv200 JM (PCL), 2009 U.S. Dist. LEXIS 42339, 2009 WL 1390794, at *1 (S.D. Cal. May 14,

26 2009) (internal citation omitted).

27 ///

28 ///

3

1    Plaintiff's four disputed document requests and adequacy of Defendant's

2  responses thereto are discussed below.

3         **A.**      **Request for Production No. 1**

4                              Plaintiff's Request

5         Any and all grievances, complaints or other documents received by
   prison staff against defendant concerning the mistreatment of inmates by
6  defendant and any memorandum, investigative files or other documents
   created in response to such complaints, from December 27, 2019, to the
7  date of your response.

8  ECF No. 36-1, pg. 4 (Exhibit A to Gronna declaration).

9                              Defendant's Response

10        Objection. Defendant objects to this request on the grounds that it
   is overbroad, vague and ambiguous as to the items being sought, and
11 assumes facts that have not been admitted. Additionally, as the request
   seeks "any and all grievances, complaints or other documents" directed
12 against Defendant *after* the date of the events in question, the request is
   not relevant to any claim or defense, not proportional to the claims, and
13 not proportional to the needs of the case, considering the importance of the
   issues at stake in the action, the amount in controversy, the parties'
14 relative access to relevant information, the parties' resources, the
   importance of the discovery in resolving the issues, and whether the
15 burden or expense of the proposed discovery outweighs its likely benefit.
   *See* Fed. R. Civ. P. 26(b)(1). Moreover, the request is not limited to
16 substantiated allegations or to incidents that are substantially similar to the
   claims at issue in this lawsuit. The request also seeks confidential
17 information of non-party inmates, as well as confidential information that
   is integral to the safety and security of the institution, staff, and
18 inmates, and cannot be released to the inmates, as substantiated by the
   concurrently served declaration of the CMF Litigation Coordinator, B.
19 Ebert. *See* Decl. of B. Ebert and Privilege Log. The request further seeks
   documents that are protected by the official information privilege, and is
20 further be protected from discovery under privacy doctrines, and any other
   applicable privileges or protections recognized in the case law or
21 conferred by statute. Without waiving the stated objections, Defendant
   produces a copy of the 602 grievance and the associated appeals that
22 Plaintiff pursued against Defendant related to the present action, Appeal
   Log No. CMF-M-20-00326 (AGO 0001 – AGO 0016).

23
   ECF No. 36-1, pgs. 11-12 (Exhibit B to Gronna declaration).
24

25        Plaintiff has not offered anything in his current Motion to Compel to show why the

26 request for "any other documents received by prison staff against defendant" is not overbroad.

27 The Court sustains this objection.  Nor has Plaintiff shown how grievances and complaints

28 against Defendant made after the incident at issue in this case are relevant.  The Court also

                                              4

1    sustains Defendant's relevance objection.  Plaintiff's motion will be denied as to request no. 1 and

2    no further response will be ordered.

3          **B.      Request for Production No. 2**

4                              Plaintiff's Request

5              Any and all CDCR 7219 "medical report of injury or unusual
       occurrence" from December 12, 2019, through February 28, 2020, also
6       please provide any and all attachments that may or may not exist.

7       ECF No. 36-1, pg. 4 (Exhibit A to Gronna declaration).

8                             Defendant's Response

9              Objection. Defendant objects on the basis that the request is
       overbroad and vague as to the items being sought, as it does not appear to
10      be limited to the Plaintiff's CDCR form 7219s, CDCR form 7219s
       generated at his institution, or anything related to the present action. The
11      request is also unduly burdensome, as it would take several weeks to
       gather, review, and compile thousands of CDCR form 7219s from
12      California Medical Facility's archives, and Defendant cannot estimate the
       number of inquiries that may be required to an unknowable number of
13      internal departments in order to compile "any and all CDCR 7219" forms
       generated within CDCR during the time period requested. To the extent
14      the request seeks the 7219's of other inmates, is not relevant to any claim
       or defense, not proportional to the claims, and not proportional to the
15      needs of the case, considering the importance of the issues at stake in the
       action, the amount in controversy, the parties' relative access to relevant
16      information, the parties' resources, the importance of the discovery in
       resolving the issues, and whether the burden or expense of the proposed
17      discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(1).
       Additionally, as CDCR form 7219s may be generated in response to
18      various types of events, such as injury claims and use of force incidents,
       the request may seek confidential information that is integral to the safety
19      and security of the institution, staff, and inmates, and cannot be released to
       the inmates, as substantiated by the concurrently served declaration of the
20      CMF Litigation Coordinator, B. Ebert. *See* Decl. of B. Ebert. The request
       may further seek documents that are protected by the official information
21      privilege, privacy doctrines, the Health Insurance Portability and
       Accountability Act (HIPPA), and any other applicable privileges or
22      protections recognized in the case law or conferred by statute. Moreover,
       pursuant to Tit. 15 C.C.R. § 3370(b), inmates are not entitled to have
23      access to another inmate's case records file or medical file. Given the
       breadth and voluminous nature of the request, it appears that much of what
24      Plaintiff seeks is an attempt to uncover impermissible character evidence,
       which is inadmissible. Fed. R. Evid. 404(a)(1) (evidence of a person's bad
25      character or character trait is not admissible to prove that on a particular
       occasion the person acted in accordance with the character or trait); *Gates*
26      *v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993). Without waiving the stated
       objections, and limited to any CDCR form 7219s involving Plaintiff,
27      Defendant responds as follows:

28

                                          5

1
2
To the extent the request seeks Plaintiff's 7219's from the requested time period, after a reasonable and diligent search, no responsive documents exist.

3
ECF No. 36-1, pgs. 12-13 (Exhibit B to Gronna declaration).

4
Defendant has represented that no responding documents exist.  Plaintiff will have

5
to accept this representation subject to remedies which may be available should Defendant

6
attempt to later introduce documents which are in fact responsive to this request.  Plaintiff's

7
motion will be denied as to request no. 2 and no further response will be ordered.

8
     **C.**     **Request for Production No. 3**

9
Plaintiff's Request

10
11
Any training records on SDS (SAFETY DATA SHEETS) from Defendant i.e. … (CPOST) from January 5, 2019 through December 27, 2019.

12
ECF No. 36-1, pg. 5 (Exhibit A to Gronna declaration).

13
Defendant's Response

14
15
Objection. Defendant objects to this request on the grounds that it is vague and ambiguous as to the items being requested and the term "CPOST." Without waiving the stated objections, Defendant responds as follows:

16
17
18
To the extent the request seeks documents related to any training that Defendant may have received regarding the use of safety data sheets, after a reasonable and diligent search, no responsive documents exist. Defendant produces, however, the safety data sheet for Cell Block 64 (AGO 0017– AGO 0029).

19
ECF No. 36-1, pg. 13 (Exhibit B to Gronna declaration).

20
As with request no. 2, Defendant has adequately responded that no responsive

21
documents exist.  No further response will be ordered, and Plaintiff's motion will be denied as to

22
request no. 3.

23
     **D.**     **Request No. 4**

24
Plaintiff's Request

25
26
All training records on hazardous materials, chemical spills, waste and exposure from January 5, 2019, through December 27, 2019, from defendant i.e. … (CPOST) …

27
ECF No. 36-1, pg. 5 (Exhibit A to Gronna declaration).

28
/ / /

<u>Defendant's Response</u>

Objection. Defendant objects to this request on the grounds that it is vague and ambiguous as to the items being sought and the term "CPOST." The request also relies on an incomplete hypothetical, as Defendant has not contended that training and/or procedures regarding "hazardous materials, chemical spills, waste, and exposure" are the same as any training and/or procedures for commonly used cleaning chemicals such as Cell Block 64. The request is also overbroad, as it is not limited to anything related to the present action and Plaintiff's alleged exposure to Cell Block 64. To the extent the request seeks training records that are unrelated to the cleaning chemical Cell Block 64, it is not relevant to any claim or defense, not proportional to the claims, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(1). Without waiving any objections, Defendant responds as follows:
To the extent the request seeks Defendant's training records regarding cleaning chemicals, after a reasonable and diligent search, no responsive documents exist.

ECF No. 36-1, pgs. 13-14 (Exhibit B to Gronna declaration).

Again, and as with request nos. 2 and 3 discussed above, Defendant has adequately responded by indicating that no responsive documents exist. No further response will be ordered, and Plaintiff's motion will be denied as to request no. 4.

## IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to compel, ECF No. 35, is denied.

Dated:  June 8, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE